IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AX WIRELESS LLC, § <br> § <br> Plaintiff, § <br> § <br> § <br> v. § CASE NO. 2:22-cv-279-JRG-RSP <br> § <br> HP INC., § <br> § <br> Defendant. § | |

**DEFENDANT HP INC.'S MOTION TO DISMISS
FOR IMPROPER VENUE UNDER RULE 12(B)(3)**

Defendant HP, Inc. ("HP") files this Motion to Dismiss for Improper Venue Under Rule 12(b)(3) and respectfully shows the following.

**I.   INTRODUCTION**

Plaintiff AX Wireless LLC ("AX Wireless" or "Plaintiff") filed its Complaint on July 22, 2022 (Dkt. No. 1). AX Wireless accuses HP of directly and indirectly infringing U.S. Patent Nos. 9,973,361, 10,079,707, 10,917,272 and 11,212,146 ("the Asserted Patents"). AX Wireless's Complaint should be dismissed under the Patent Venue Statute, 28 U.S.C. § 1400(b), because (1) HP is a Delaware corporation and, therefore, does not reside in this District, and (2) HP does not have "a regular and established place of business" in this District.

**II.   STATEMENT OF ISSUES TO BE DECIDED BY THE COURT**

Whether venue is proper for a case alleging patent infringement pursuant to 28 U.S.C. § 1400(b) when the Defendant neither resides in the District nor has a regular and established place of business in the District.

### III.  ARGUMENT

#### A.  Applicable Law

"[T]he Plaintiff bears the burden of establishing proper venue" under the Patent Venue Statute, 28 U.S.C. § 1400(b), for a patent infringement action. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). Under the statute, "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). "[A] domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017). Under the second prong of the statute, there are "three general requirements relevant to the inquiry: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

A district court may look beyond the complaint when deciding a motion to dismiss based on improper venue. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (stating that under Rule 12(b)(3) a court may look at evidence beyond the facts alleged in the complaint and its attachments). Two potential sources of factual information come into play in the improper venue analysis: (1) the well-pleaded facts in a plaintiff's complaint; and (2) affidavits or evidence submitted by a defendant in support of its motion to dismiss (or by a plaintiff in response thereto).

With respect to the well-pleaded facts in a plaintiff's complaint, in the 12(b)(3) context, the Fifth Circuit accepts these facts as true, at least initially. *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x. 612, 615 (5th Cir. 2007); *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th

Cir. 2016); *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998). However, the well-pleaded facts are accepted as true "only to the extent that such facts are uncontroverted by [a] defendant's affidavit." *Pierce*, 137 F.3d at 1192 (citing *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990)). *See also Deb*, 832 F.3d at 809 ("Under Rule 12(b)(3), which allows for dismissal for improper venue, the district court assumes the truth of the allegations in the plaintiff's complaint, unless contradicted by the defendant's affidavits.").

  **B.**  **HP Does Not Reside in This District.**

  Plaintiff correctly alleges that HP is a Delaware corporation. Dkt. 1 at ¶ 2; Tabacek Decl. at ¶ 5. However, Plaintiff later alleges that "Defendant resides in this District," which is incorrect. Dkt. 1 at ¶ 10. Accordingly, Plaintiff cannot satisfy its burden to show proper venue under the residency provision of the Patent Venue Statute. *TC Heartland*, 137 S. Ct. at 1517.

  **C.**  **HP Does Not Maintain a Regular and Established Place of Business in This District.**

  Plaintiff cannot carry its burden to show that HP maintains a "regular and established place of business" in this District because HP does not. As the Tabacek Declaration establishes, HP has no office, other place of business, or property (leased, owned, or maintained) within the District. *See* Tabacek Decl. at ¶ 6.

  Despite alleging the existence of venue under the Patent Venue Statute, Plaintiff's Complaint does not allege a single fact that would satisfy its burden to show that HP maintains a physical, regular and established place of business in this District. *See* Dkt. 1 at ¶ 10. The entirety of Plaintiff's venue allegation is that:

> Defendant resides in this District and/or has committed acts of infringement and has a regular and established place of business in this District." For example, HP has offices and facilities at 6901 Windcrest Drive, Plano, Texas 75024; 7000 Parkwood Boulevard,

      Plano, Texas 75024; and 2800 Dallas Parkway, Plano, Texas 75093.

There's just one problem. HP does not have facilities at any of these addresses in the District. *See* Declaration of Barry K. Shelton at ¶¶ 3-6, Exs. A-C. Therefore, Plaintiff fails to allege that HP maintains a regular and established place of business in this District required for venue to be proper. Such allegations are missing because there is no basis for them.

As the Tabacek Declaration shows, HP' sole physical connection to the District was a facility it stopped using prior to 2022. Tabacek Decl. at ¶ 7. HP has had no physical place of business in this District since then. *Id.*

Because this Motion to Dismiss is supported by a sworn declaration of HP's Head of Real Estate Strategy and Planning, Plaintiff's allegation is not entitled to the presumption that it is true, particularly in light of the Accurint Comprehensive Address Reports attached to the Shelton Declaration. *See* Shelton Decl., Exs. A-C.

There is no basis for proper venue in this District. HP has no office, other place of business, or property (leased, owned, or maintained) within the District. Tabacek Decl. at ¶ 6. Accordingly, Plaintiff is incapable of carrying its burden of showing that HP maintains a "regular and established place of business" in this District. HP therefore respectfully requests that the Court dismiss this case.

### IV.   CONCLUSION

For the foregoing reasons, HP respectfully requests that the Court dismiss Plaintiff's Complaint for improper venue.

Dated: October 3, 2022            Respectfully submitted,

/s/ *Barry K. Shelton*
Barry K. Shelton
bshelton@winston.com
TX Bar No. 24055029
WINSTON & STRAWN LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

*Attorneys for Defendant HP Inc.*

## CERTIFICATE OF SERVICE

I certify that on October 3, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Barry K. Shelton*
Barry K. Shelton