IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| AX WIRELESS LLC, | § § § | |
| *Plaintiff*, | § | |
| v. | § § | CIVIL ACTION NO. 2:22-cv-0279-JRG-RSP |
| HP INC., | § § § | |
| *Defendant*. | § | |

**MEMORANDUM ORDER**

Before the Court is Defendants Dell Inc., Dell Technologies Inc., HP Inc., and Lenovo Group Limited's ("Defendants") Motion for Leave to Amend Invalidity Contentions. After consideration, the Court **GRANTS** Defendants' Motion for Leave to Amend as provided below.

I.   BACKGROUND

Defendants first served their Invalidity Contentions on January 23, 2023. (Mot. at 1.) On March 29, 2023, Ax Wireless sent a letter to defendants detailing alleged deficiencies with Defendants' Invalidity Contentions and requesting a meet and confer in advance of a motion to strike. (Dkt. No. 108-12[1].) On May 5, 2023, Defendants responded to Ax Wireless's letter providing "the Original Invalidity Contentions provided ample and fair notice to Plaintiff of Defendants' invalidity theories" but agreed to prepare supplemental contentions. (Mot. at 2.) On June 6, 2023 Defendants served proposed amended contentions on Ax Wireless. (*Id*.) Thereafter the parties disputed the scope and appropriateness of the proposed amendments ultimately resulting in the Defendants' Motion on July 25, 2023. (*Id.*)

---

[1] The Court cites to the docket of *Ax Wireless LLC v. Dell Inc., et al,* Case No. 2:22-cv-00277-RWS-RSP (E.D. Tex), though the briefing is identical in *Ax Wireless LLC v. HP Inc.,* Case No. 2:22-cv-00279-JRG-RSP (E.D. Tex) and *Ax Wireless LLC v. Lenovo Group Limited,* Case No. 2:22-cv-00280-RWS-RSP (E.D. Tex).

## II. APPLICABLE LAW

"Amendment or supplementation of any Infringement Contentions or Invalidity Contentions . . . may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). "Good cause," according to the Federal Circuit, "requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Courts in this District routinely apply a four-factor test to determine whether good cause has been shown. *See Alt v. Medtronic, Inc.*, No. 2:04-CV-370, 2006 WL 278868, at *2 (E.D. Tex. Feb. 1, 2006) (citation omitted). Those four factors are: (1) the explanation for the failure to meet the deadline; (2) potential prejudice in allowing the thing that would be excluded; (3) the importance of the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. The burden of proving good cause rests with the party seeking the untimely amendment. *Id*; *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

## III. ANALYSIS

Ax Wireless does not dispute all amendments, rather the dispute is limited to certain "new theories" Ax Wireless alleges Defendants added in their proposed Amended Contentions. In particular, Ax Wireless contests Defendants' addition of new prior art citations and internal cross-references particularly where they were added to previously blank limitations. (Opp. at 7-10.) Ax Wireless does not contest Defendants' addition of a previously omitted chart, removal of "catch-all" obviousness combination, and addition of obviousness combination language to previously blank elements. (*Id*. at 5.)

### a. Diligence and Reason for the Delay[2]

---

[2] Defendants utilize a different set of factors than the Court typically considers when presented with a motion to amend contentions. The Court will consider the parties' arguments regarding timing of the motion and diligence under this heading, but notes that the factors in §II *supra* are those that the Court finds most relevant in this analysis.

2

Defendants contend "any delay is largely attributable to Defendants' good-faith efforts to negotiate with Plaintiff to provide non-controversial amendments in response to Plaintiff's request for supplemental contentions." (Mot. at 5.) Defendants allege this accounts for the delay between Ax Wireless's first letter on March 29 and their filing of the instant motion. (*Id*.) Defendants seem to further blame the initial two months after the service of invalidity contentions on Ax Wireless's delay in notifying Defendants of alleged deficiencies. (*Id*. at 6 ("Plaintiff first raised concerns with Defendants' Original invalidity Contentions on March 29, 2023, two months after Defendants served their original contentions.").)

Defendants argue they were diligent in preparing their proposed amendments. (*Id*. at 7.) Defendants argue the "inadvertent errors" they allege the proposed amendments fix, do not foreclose the possibility of finding diligence. (*Id*.) Defendants contend "diligence is demonstrated by the months of negotiation with Plaintiff to provide the requested amendments." (*Id*. at 8.) Defendants point to the back and forth with plaintiff's counsel where they proposed different formats for their amendments including offering to replace new targeted citations with cross references to other elements and replacing claim elements defendants combined for the first time in the proposed amendments such that disclosures previously relating to only one element would now appear relating to both with similar internal cross references. (*Id*. at 9-10.)

Ax Wireless responds that Defendants do not show diligence in part by entirely ignoring the initial two months after they served their original contentions and by failing to show how it took from March 29 to June 6 to correct "inadvertent errors." (Mot. at 11.)

The Court finds this factor weighs somewhat against granting the motion. Defendants corrected "inadvertent errors" some four months after their service of invalidity contentions. While "inadvertent errors" may explain Defendants' initial failure to include its proposed amendments

3

in their contentions, it is not clear why it took four months. "Good-faith negotiations" only account for so much when the Court would expect "inadvertent errors" could be corrected fairly quickly. Thus the Court finds that the Defendants failed somewhat in their diligence.

### b. Potential Prejudice

Defendants argue plaintiff will suffer no "unfair prejudice" because 1) the proposed amendments present no new prior art references or combinations; 2) Ax Wireless was on notice of the proposed amendments; and 3) Ax Wireless requested the proposed amendments. (Mot. at 12.) Defendants further argue that because Ax Wireless has sufficient time to respond to the proposed amendments there is little prejudice. (*Id*. at 13-14.) Defendants contend the Court has permitted experts to rely on citation to previously disclosed prior art where the specific citation was not expressly identified in the contentions. (*Id*. at 13 n.3.) Thus, Defendants suggest Ax Wireless is not prejudiced because even without the proposed amendment, defendants' case would proceed the same regardless. (*See id*.)

Ax Wireless contends the proposed amendments add new invalidity theories, turning what were only obviousness combinations into anticipation theories. (Opp. at 14.) Ax Wireless notes Defendants confirm a "blank" element was an indication that the element would be addressed under §103. (Sur-Reply at 2 (citing Mot. at 4).) Ax Wireless further contends that as this case has been pending for over a year, it is prejudiced by such a late amendment. (Opp. at 14.)

Defendants respond that they had previously asserted anticipation theories rather than merely obviousness combinations. (Reply at 1 (citing language in its claim charts asserting the reference anticipated claims).)

The Court finds Ax Wireless is not unduly prejudiced by the proposed amendments. Defendants' motion was filed more than four months prior to the close of fact discovery and Ax

4

Wireless has identified no unique prejudice beyond needing to address additional invalidity contentions. As such while this does prejudice Ax Wireless, such prejudice is minimal.

Throughout their motion, Defendants contend that Ax Wireless requested the proposed amendments, but do not document such a request. Defendants content "Defendants provide Plaintiff with their amended contention about two months after Plaintiff requested the amendments." (Mot. at 5.) A threat to file a motion to strike contentions as deficient is not the same as a request to serve new contentions. Defendants should be more accurate with their representations to the Court.

### c. Importance of the Matter

Defendants contend this factor favors their motion as the amendments are important "because they address most, if not all, of the purported deficiencies upon which the Plaintiff contends the contentions should be struck." (Mot at 11.) Defendants further contends importance "because [the amendments] help explain and clarify how Defendants prior art either anticipates or renders obvious the alleged inventions of the Asserted Patents." (*Id.*).

Ax Wireless argues that it is the role of the original invalidity contentions to provide the clarity Defendants suggest their proposed amendments provide. (Opp. at 13.) Further, Ax Wireless contends Defendants' importance argument conflicts with their prejudice argument in that "either the amendments are limited, clarifying, and unprejudicial, or they are important." (*Id.*)

The Court agrees with Ax Wireless that Defendants' importance argument is somewhat at odds with their prejudice arguments. Further, Ax Wireless is also correct that Defendants' prejudice arguments suggest these amendments have no importance. In particular, if it is Defendants' opinion that they can support the invalidity expert's report with or without amendment, as it appears to be, (Mot. at 13 n.3), then these amendments are less important.

However, Ax Wireless's arguments too are somewhat inconsistent between the prejudice and importance factors. Ax Wireless contends the proposed amendments disclose new invalidity theories. (Opp. at 7.) Disclosure of invalidity theories is important as this is the entire purpose of such contentions. The mere fact that Defendants should have included such theories in their original invalidity contentions does not minimize their importance.

The Court finds the proposed amendments are important as they disclose and clarify contested invalidity theories.

### d. Availability of Continuance

Ax Wireless contends continuance is unnecessary and Defendants do not address this factor. The Court finds this factor is neutral.

### IV. CONCLUSION

As the proposed amendments are important and do not unduly prejudice Ax Wireless and Defendants were not dilatory, the Court therefore **GRANTs** Defendants' Motion (**Dkt. No. 63**).

**SIGNED this 11th day of December, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE